**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**David FLORES, Appellant.**

Superior Court of Pennsylvania.

Submitted June 26, 2006.
Filed April 2, 2007.

519

Anne E. Gingrich, Harrisburg, for appellant.

James P. Barker, Assistant District Attorney, Harrisburg, for Com., appellee.

BEFORE: LALLY–GREEN, McCAFFERY and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

*Case History: Flores I*

¶ 1 This direct appeal has returned to us after we remanded it for the filing of a proper concise statement of matters complained of on appeal, commonly known as a 1925(b) statement. *See Commonwealth v. Flores*, 909 A.2d 387, 392 (Pa.Super.2006) *(Flores I)*; Pa.R.A.P.1925(b). When we first considered this matter, before remand, Appellant's attorney had filed a petition to withdraw as counsel, alleging that the appeal was frivolous. Counsel had also filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), presenting issues that might arguably support the appeal. However, none of the issues in the *Anders* brief had been preserved in the original 1925(b) statement. Accordingly, we were precluded from considering the substance of any issue in Appellant's

* Retired Senior Judge assigned to Superior Court.

brief. *See Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775, 780 (2005) (holding that failure to preserve issues in a 1925(b) statement results in waiver thereof).

¶ 2 In most cases where no issues are preserved by the 1925(b) statement, we simply find total waiver and affirm the judgment of sentence. *Flores I,* 909 A.2d at 390. However, this case involved, and still involves, *Anders,* which is specifically designed to ensure that counsel acts effectively by preserving the appellant's issues for direct appeal. *Anders,* 386 U.S. at 743, 744, 87 S.Ct. 1396. We therefore considered the interplay between the purposes of Rule 1925(b) and the purposes of *Anders.*

¶ 3 The purposes of Rule 1925(b) are to facilitate the preparation of a trial court opinion, to allow meaningful appellate review of issues, and to promote the certainty, consistency and fairness which arise when all appellants are equally obligated to meet procedural rules, specifically Pa. R.A.P.1925(b). *Flores I,* 909 A.2d at 390. Our 1925(b) case law seeks to eliminate the uncertainty, inconsistency and unfairness that can arise when trial and appellate courts have discretion to address or to waive issues listed in defective 1925(b) statements. *Flores I,* 909 A.2d at 390.

¶ 4 The purpose of *Anders* is for counsel to preserve a criminal defendant's constitutional right to pursue a direct appeal even if counsel thinks that the appeal is frivolous. *Flores I,* 909 A.2d at 390. Thus, *Anders* seeks to protect two related rights—the right to appeal and the right to effective counsel, at least to the extent of preserving appellate issues. *Anders,* 386 U.S. at 743, 744, 87 S.Ct. 1396; *Flores I,* 909 A.2d at 390; *See* U.S. CONST. amend. VI (right to counsel); PA. CONST. art. I, § 9 (right to counsel); PA. CONST. art. V, § 9 (right to direct appeal). When a criminal defendant's appellate attorney believes the issues which the appellant wants to

pursue are frivolous, and when the attorney therefore seeks to withdraw from representation, the attorney nonetheless has a duty to preserve appellant's desired issues so that the appellant can gain direct appellate review of those issues either *pro se* or through new counsel. *Flores I,* 909 A.2d at 390. If counsel does not preserve the particular issues which the appellant wants to pursue, and if counsel is permitted to withdraw, the appellant will not be able to pursue those particular issues once counsel's representation ends. *Id.* Moreover, if counsel preserves no issues whatsoever and is then allowed to withdraw, there will be zero issues for this Court to review. *Id.* Put another way, counsel's failure to preserve any issues will completely deny the appellant the constitutional right to a direct appeal. *Id.*

¶ 5 We also noted in *Flores I* that a finding of total waiver due to 1925(b) errors would encourage *Anders* counsel, who already thinks the appeal is frivolous, merely to shirk the obligation to file a proper 1925(b) statement. *Flores I,* 909 A.2d at 390. Counsel could simply file a shoddy 1925(b) statement, preserving no issues and precipitating the end of the case without affording the appellant a meaningful direct appeal. This result would frustrate the *Anders* goal of preserving the appellant's issues for appeal. *Flores I,* 909 A.2d at 390.

¶ 6 In light of these considerations, we fashioned a holding designed to secure compliance with 1925(b) and to afford Appellant a direct appeal. In particular, we concluded that, because counsel in this case seeks to withdraw pursuant to *Anders,* and because the initial 1925(b) statement preserved no issues which were in the *Anders* brief, the appropriate action was to deny counsel's request to withdraw and to remand for the filing of a proper

1925(b) statement. *Flores I,* 909 A.2d at 390.

¶ 7 It is important to understand that, if the original 1925(b) statement had preserved *any* of the issues in the brief, we could have addressed them, even if other issues had been waived by the statement. *Commonwealth v. Stevenson,* 894 A.2d 759, 766 (Pa.Super.2006) (finding waiver of issue not listed in 1925(b) statement but addressing other issues that were preserved in the statement). In such a circumstance, the limited 1925(b) waiver would not have completely denied Appellant his direct appeal rights because there would have been at least some issues properly before us. Appellant would have been afforded his direct appeal, albeit with some issues waived—just as any other appellant on any other appeal might waive certain issues and preserve certain issues. There being some issues preserved, a remand would have been unnecessary. However, such was not the case; no briefed issues had been preserved by the 1925(b) statement. There was nothing to review on direct appeal. The 1925(b) defects worked a total denial of Appellant's direct appeal right and, of course, the related denial of Appellant's right to have counsel effectively preserve his issues. Because this is an *Anders* case, wherein the law seeks to ensure both those rights, we needed to remand the matter.

¶ 8 One might argue that this Court could remand for the filing a proper 1925(b) statement any time there is any waiver, even partial waiver. In so doing, we could then ensure that no issues are ever waived due to faulty 1925(b) statements. Of course, in so doing we would also disregard our rules, act as appellant's counsel every time there is a 1925(b) error, and destabilize the appellate system. We think it wise not to do so. Rather, we have made a determination that, in the limited context where counsel is seeking to withdraw, pursuant to *Anders,* from a criminal defendant's constitutionally guaranteed direct appeal, and where a faulty 1925(b) statement has waived all issues, we will remand for the correction of 1925(b) errors so that the appellant is not completely denied the right to appeal. *Flores I,* 909 A.2d at 390.

¶ 9 Having ruled pursuant to the foregoing analysis, we remanded this case. Subsequently, counsel filed a new 1925(b) statement. Also, counsel again filed a petition to withdraw and an *Anders* brief. The trial court issued a supplemental opinion in response thereto and the case is now again before us.

### Anders

¶ 10 For counsel to withdraw pursuant to *Anders,* counsel must: (1) file a petition for leave to withdraw which states that, after making a conscientious examination of the record, counsel has determined that the appeal is frivolous; (2) file a brief referring to anything that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant, advising him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of this Court's attention. *Commonwealth v. Kearns,* 896 A.2d 640, 643 (Pa.Super.2006). If this Court receives such a petition and an *Anders* brief, and if we are satisfied that counsel has complied with the foregoing three requirements, we then must undertake our own independent examination of the issues in the *Anders* brief to determine whether the appeal is wholly frivolous. *Kearns,* 896 A.2d at 643. Counsel has complied with the aforesaid three requirements. Therefore, we turn to the issues in the *Anders* brief.

¶ 11 In this case, the issues in the *Anders* brief are: (1) whether there was suffi-

cient evidence to sustain the convictions for two counts of criminal trespass and one count of theft; (2) whether the trial court abused its sentencing discretion; and (3) whether the trial court erred by denying counsel's motion for a continuance and by trying Appellant *in absentia.* Finding Appellant's first two issues to be waived, and finding the third to be preserved but frivolous, we grant counsel's petition to withdraw and affirm the judgment of sentence.

### *Sufficiency of the Evidence*

■ ¶ 12 Once again, the 1925(b) statement fails to preserve this claim. It will be helpful to begin our discussion by reiterating the problem with the original 1925(b) statement. The first 1925(b) statement contained the following language:

> The evidence presented was insufficient to prove beyond a reasonable doubt that the appellant committed the above-captioned offenses. *See Commonwealth v. May,* 584 Pa. 640, 887 A.2d 750 (2005).

Appellant's 1925(b) Statement, 04/07/06, at 1.

¶ 13 In our first opinion, we explicitly found that the problem with this statement was that it did not tell us which material element was unproven. We held:

> In the present case, the 1925(b) statement language does not specify how the evidence failed to establish which element or elements of the three offenses for which Appellant was convicted.

*Flores I,* 909 A.2d at 392.

¶ 14 The new 1925(b) statement reads:

> The evidence presented was insufficient to prove beyond a reasonable doubt that the appellant committed the above-captioned offenses. *See Commonwealth v. May,* [584 Pa. 640] 887 A.2d 750 (Pa. 2005). Specifically, Mr. Flores avers that the testimony of Sondra Coble, Julienne Briggs, and Atlas Simpson was insufficient to prove beyond a reason-

able doubt that the appellant committed the above-captioned offenses.

Appellant's 1925(b) Statement, 10/16/06, at 1.

¶ 15 The new defect is the same as the old defect. We say again what we said in *Flores I:* The 1925(b) statement language does not specify how the evidence failed to establish which element or elements of the three offenses for which Appellant was convicted. *Flores I,* 909 A.2d at 392. To name certain witnesses who failed to establish the Commonwealth's case says nothing about how the evidence was insufficient. Which elements of which offense were unproven? What part of the case did the Commonwealth not prove?

¶ 16 In any given case, there may be one or more witnesses whose testimony fails to prove the charges. Indeed, perhaps all the witnesses fail to do so. Very well. But how did they fail? What part of the offenses did the Commonwealth not establish? What element is it that this Court is to analyze on appeal?

¶ 17 If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. The instant 1925(b) statement simply does not specify the allegedly unproven elements. Therefore, the sufficiency issue is waived.

¶ 18 Before leaving this issue, we note that the Commonwealth failed to object to the aforementioned defect in the 1925(b) statement. We also see that the trial court's opinion addressed the topic of sufficiency. The Commonwealth's failure and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P.1925(b) in a predictable, uniform fashion, not in a selective manner

dependent on an appellee's argument or a trial court's choice to address an unpreserved claim. *Castillo*, 888 A.2d at 779, 780; *Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631, 634 (2002). Thus, we find 1925(b) waiver where appropriate despite the lack of objection by an appellee and despite the presence of a trial court opinion. *Castillo*, 888 A.2d at 779, 780; *Butler*, 812 A.2d at 634.

### Discretionary Aspects of Sentencing

■ ¶ 19 The way to preserve a claim concerning the discretionary aspects of sentencing and to pursue that claim on appeal is to do the following:

1. At the sentencing hearing or in a post-sentence motion, raise the issue. *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa.Super.2006); Pa.R.A.P. 302(a).

2. In the 1925(b) statement, specify the issue. *Flores I*, 909 A.2d at 392; Pa.R.A.P 1925(b).

3. In the Concise Statement of Reasons Relied Upon for Allowance of Appeal which must be included the appellate brief *(Tuladziecki* statement), articulate why the issue raises a substantial question that the sentence is inappropriate under a specific provision of the sentencing code and/or violates a fundamental norm of the sentencing process. *Commonwealth v. Tuladziecki*, [513 Pa. 508] 522 A.2d 17, 19 (Pa.1987); *Malovich*, 903 A.2d at 1250; Pa. R.A.P. 2119(f).

4. In the argument section of the appellate brief, argue the same issue that was articulated in the *Tuladziecki* statement. Pa.R.A.P. 2119(f).

■ ¶ 20 To see why Appellant's issues concerning the discretionary aspects of sentencing are again waived, we keep the foregoing principles in mind and we begin by reading what we held in *Flores I* regarding the initial 1925(b) statement and initial brief:

> The 1925(b) statement and the brief both challenge the sentence but they do so by presenting differing allegations of error. The statement alleges that, while Appellant's minimum sentences are within the guideline ranges, the maximums imposed on him were '... not necessary to balance the need for punishment with rehabilitation of the appellant.' The statement also seems to complain that the court denied Appellant's request for concurrent rather than consecutive terms for trespass. By contrast, the *Anders* brief raises the question of whether the court failed to consider factors relevant to sentencing. The 1925(b) statement therefore did not preserve the sentencing issue which was briefed.

*Flores I*, 909 A.2d at 392.

¶ 21 We now turn to the new 1925(b) statement. The sentencing issues in the new 1925(b) statement are identical to those in the old one: (1) the failure to balance the need for punishment with rehabilitation; and (2) consecutive versus concurrent terms. In the new brief, the *Tuladziecki* statement is the same as the old *Tuladziecki* statement. (There have been minimal changes to the argument section of the brief, but the *Tuladziecki* section of the brief remains unchanged.) The *Tuladziecki* statement alleges, as it previously did, that the trial court failed to consider "additional factors" relevant to sentencing.

¶ 22 Thus, the 1925(b) statement and the *Tuladziecki* statement both challenge the sentence but they do so by presenting differing allegations of error. The 1925(b) lists the "failure-to-balance" issue and the "consecutive-versus-concurrent" issue while the *Tuladziecki* statement lists the

failure to consider "additional factors." The 1925(b) statement did not preserve the issue presented in the *Tuladziecki* statement. Consequently, Appellant's challenge to the discretionary aspects of sentence is waived.

¶ 23 We note, further, that the *Tuladziecki* statement gives no indication as to what the "additional factors" were. It does not tell us what factors the court failed to consider. There is no way that we can tell if the *Tuladziecki* statement raises a substantial question when the *Tuladziecki* statement does not identify the factors. Because of its lack of clarity, the *Tuladziecki* statement raises no question, substantial or otherwise, for us to review.

¶ 24 Moreover, the argument section of the brief presents issues different from those in the *Tuladziecki* statement. While the statement talks of "additional factors," the slightly revised argument section of the brief now mentions the "failure-to-balance" issue and the "consecutive-versus-concurrent" issue.

¶ 25 This observation leads to yet another point. The sentencing issues in the 1925(b) statement and the issues in the revised argument section of the brief are the same. One might contend, therefore, that we should merely bypass the *Tuladziecki* statement and consider whether the argument section raises a substantial question concerning the propriety of the sentence. The Pennsylvania Supreme Court has explicitly indicated that we should not do so. *Tuladziecki*, 522 A.2d at 19 (holding that an appellant must set forth a separate concise statement of reasons for allowance of appeal, and it is error to review the appellant's argument section of the brief to determine if it raises a substantial question). We will not assess the argument section of the brief in hopes that we might justify retrospectively a determi-

nation that a substantial question exists. *Id.*

¶ 26 Finally, in addition to the failure of the 1925(b) statement to preserve the issue which is then listed in the *Tuladziecki* statement, and in addition to the failure of the *Tuladziecki* statement to articulate a substantial question, and in addition to the failure of the *Tuladziecki* statement to present the same issues that are in the argument section of the brief, the fact is that the first issue in the argument section of the brief (the failure to balance the need for punishment with the need for rehabilitation) was not raised at the sentencing hearing or in a post-sentence motion. Accordingly, this issue was not preserved for appeal. Pa.R.A.P. 302(a). Listing this matter in the 1925(b) statement and then arguing it in the argument section of the brief does not remedy the earlier failure to preserve it. *See Commonwealth v. Knowles*, 373 Pa.Super. 203, 540 A.2d 938, 941 (1988).

¶ 27 Proceeding along these same lines, we see that the second issue in the argument section of the brief (concurrent terms) was raised by post-sentence motion and was therefore preserved for appeal. It was also listed in the 1925(b) statement. As we have already pointed out, however, it was not listed in the *Tuladziecki* statement.

¶ 28 For the foregoing reasons, Appellant's challenge to the discretionary aspects of sentence has been waived, and his request for allowance of appeal is denied.

### Motion for Continuance/Trial in Absentia

■ ¶ 29 The 1925(b) statement claims that the trial court erred by denying counsel's request for a continuance when he did not appear for trial and further erred by trying him *in absentia*. Thus, this combined claim is preserved for our review.

¶ 30 A criminal defendant has the right to be present at all stages of criminal proceedings. *Commonwealth v. Wilson,* 551 Pa. 593, 712 A.2d 735, 737 (1998). However, when the defendant is present at the commencement of trial and then fails to appear for further proceedings, the defendant has waived the right to be present. *Id.* Moreover, a defendant who is absent without cause at the start of trial may be tried *in absentia. Commonwealth v. Johnson,* 734 A.2d 864, 866, 867 (Pa.Super.1999). The decision to proceed with trial rather than to grant a continuance is within the trial court's discretion. *Id.* An abuse of discretion is not a mere error of judgment; it involves bias, partiality, prejudice, ill-will, or manifest unreasonableness. *Commonwealth v. Busanet,* 572 Pa. 535, 817 A.2d 1060, 1076 (2002).

¶ 31 Appellant was present for jury selection. The trial court recessed for lunch, and Appellant did not return thereafter. Counsel, at that point, had no information as to why Appellant failed to return. The court denied counsel's request for a continuance, instructed the jury to make no inference from Appellant's absence and tried Appellant *in absentia.* The jury convicted him; he later appeared for sentencing. At that time, Appellant first claimed, through counsel, that car trouble was the cause of his absence from trial. He then indicated that he had not known he had to appear before the court for trial. The trial court found these explanations not to be credible.

¶ 32 The record shows that Appellant knew his trial was to begin after lunch on the day of jury selection. Although he was present during jury selection, there is no evidence in the record of any non-frivolous explanation for his willful failure to return. He waived his right to be present, and there is no indication in the record of any abuse by the trial court in denying the continuance request. We find this issue to be wholly frivolous.

### *Summary and Conclusion*

¶ 33 The 1925(b) statement waived the sufficiency issue. The 1925(b) statement also failed to preserve the sentencing issue presented in the *Tuladziecki* statement. To the extent that the 1925(b) statement preserved the sentencing issues that are listed in the argument section of the brief, those issues are still waived because the *Tuladziecki* statement did not present them.

¶ 34 Despite the aforementioned 1925(b) errors, the statement did preserve the combined issue of the continuance and the trial *in absentia.* Because the statement preserved at least one issue, its defects did not completely deny Appellant his direct appeal right. Therefore, a remand for a new 1925(b) statement is not necessary to afford Appellant his direct appeal as it was in *Flores I.* Rather, we have been able to review the continuance/ *in absentia* issue. We have found that issue to be wholly frivolous. Accordingly, we grant counsel's petition to withdraw and we affirm the judgment of sentence.

¶ 35 While the new 1925(b) statement managed to preserve one of Appellant's issues, we note with significant dismay counsel's failure to preserve Appellant's other claims. When we remanded this case, we not only afforded counsel the opportunity to fix the defective 1925(b) statement, but we delineated what the errors were, thus giving her a clear chance to remedy the deficiencies. The most poignant example was our holding in *Flores I* that the sufficiency claim in the first statement failed to tell us what element(s) of the case went unproven. Regrettably, the new 1925(b) statement listed no elements of any charges, despite the plain language of our *Flores I* opinion.

¶ 36 Additionally, counsel slightly revised the argument section of the brief so that it would coincide with the 1925(b) statement on sentencing issues but neglected to change the *Tuladziecki* statement so as to coincide with the new argument or the 1925(b) statement. This error yielded the *Tuladziecki* waiver.

¶ 37 The principles on which we rely in this opinion all predate its publication. This is to say that the preexisting rules and cases were there to guide counsel. Appellate mandates are not hyper-technical. They are designed to foster the uniform consideration of the substantive issues in all cases. We must not proceed haphazardly—following procedure in one case, ignoring it in another—under the guise of reaching those substantive issues. While doing so might lead us to resolve the merits in any one matter, it would be unfair to litigants and counsel in so many other cases who do follow the rules. It would also be unfair to those who do not follow the rules and against whom we enforce those rules. Moreover, disregarding procedure would diminish predictability, breed uncertainty and quickly erode the law and order we seek to protect, placing in their stead whim and chaos.

¶ 38 Rules are at the heart of what lawyers do. These rules are written to permit fair adjudications and to engender a sense among the citizenry that their claims will be considered when the rules are followed. We admonish counsel to adhere to the rules.

¶ 39 Petition to withdraw as counsel granted. Judgment of sentence affirmed. Jurisdiction relinquished.