J-S63037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES JOHN SNAVELY, | |
| Appellant | No. 2040 MDA 2013 |

Appeal from the Judgment of Sentence October 24, 2013
in the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0000378-2013

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　**FILED NOVEMBER 18, 2014**

Appellant, Charles John Snavely, appeals from the judgment of sentence imposed after his jury conviction of person not to possess a firearm, terroristic threats, and simple assault by physical menace.[1]  We affirm.

On the night of February 1, 2013, Appellant and his then-girlfriend, Rose Magaro, were drinking at a bar in Enola, Pennsylvania, when they started arguing.  Appellant left the bar without Ms. Magaro, and returned to the residence they shared.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105, 2706(a)(1), and 2701(a)(3), respectively.

When Ms. Magaro arrived home at approximately 1:30 a.m. on the morning of February 2, 2013, she found that her belongings were lying on the front lawn. Ms. Magaro attempted to enter the residence, but the front door was locked and although she banged on it, Appellant refused her entry. The temperature that night was approximately ten degrees. (*See* N.T. Trial, 9/10/13, at 58). Ms. Magaro called 911 and falsely claimed that Appellant was hitting her. (*See* N.T. Trial, 9/09/13, at 26). The East Pennsboro Township police responded to the scene, but left when Appellant would not answer the door and Ms. Magaro indicated that she did not wish to go to a battered women's shelter.

Approximately ten minutes later, Appellant allowed Ms. Magaro into her residence, where they continued to argue. Forty-five minutes later, Appellant retrieved an unloaded rifle from the bedroom and put it to Ms. Magaro's head, threatening that he was going to kill her. The parties continued to argue until Appellant returned to the bedroom and loaded the firearm. Ms. Magaro again dialed 911 and put the phone on the table when Appellant came out of the bedroom with the loaded gun. Appellant threatened to kill Ms. Magaro, himself, and anyone who came in the front door. William Klusman, the 911 dispatcher with the Commonwealth Department of Public Safety recorded the phone call and what was occurring.

When Appellant observed Sergeant Adam Shope of the East Pennsboro Township Police Department arrive at the scene with Officer Benjamin Epting and Officer Loper,[2] Appellant told Ms. Magaro that he was "not going to fucking jail" and "he ran out the back door with the gun." (*Id.* at 31). Ms. Magaro came out of the front door "quite upset and flustered" and yelling to the officers that "[h]e's got a gun." (*Id.* at 44). Looking through the open front door, Sergeant Shope could see "a flash [that appeared to be] a male going . . . out the back door." (*Id.* at 31, 44-45).

The police secured the residence; no one was in the home until 7:00 a.m. on the morning of February 2, 2013, when Officer Donald Rynard of the East Pennsboro Township police department arrived to take photographs of the scene. (*See* N.T. Trial, 9/10/13, at 47-48, 50). Officer Rynard retrieved an empty rifle case lying on the bed in the bedroom. (*See id.* at 49).

Appellant surrendered at approximately 8:00 a.m. that day. Although he did not have a firearm with him when he surrendered, he admitted that he had had three of them in his home in the very recent past. (*See id.* at 62).

On February 6, 2013, when Officer Epting returned to the residence to deliver a subpoena, Ms. Magaro gave him two boxes of ammunition found in

---

[2] Officer Loper's first name is not apparent from the record.

the same bedroom from where Appellant had retrieved the firearm on the night of the incident.  (*See id.* at 64).

On September 10, 2013, the jury convicted Appellant of the above charges.   On October 24, 2013, the trial court sentenced him to an aggregate term of not less than two nor more than ten years' incarceration. Appellant timely appealed.[3]

Appellant raises two questions for our review:

> I.    [Whether] the evidence presented at trial [was] sufficient to convict Appellant of persons not to possess, use, manufacture, control, sell or transfer firearms?
>
> II.    [Whether] the evidence presented at trial [was] sufficient to convict Appellant of simple assault?

(Appellant's Brief, at 6).

In Appellant's issues, he claims that the evidence was insufficient to support his conviction of persons not to possess a firearm and simple assault.  (*See id.* at 10, 13).  Because Appellant has failed to preserve his sufficiency claims properly, they are waived.

It is well-settled that:

> when challenging the sufficiency of the evidence on appeal, the Appellant's 1925 statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal.  [*Commonwealth v.*] *Williams*, 959 A.2d [1252,] 1257 [(Pa.  Super.  2008)] (quoting

---

[3] Appellant filed a timely Rule 1925(b) statement of errors pursuant to the court's order on December 10, 2013; the court filed a Rule 1925(a) opinion on March 4, 2014.  *See* Pa.R.A.P. 1925.

> ***Commonwealth v. Flores***, 2007 Pa. Super. 87, 921 A.2d 517,
> 522-23 (Pa. Super. 2007)).  Such specificity is of particular
> importance in cases where, as here, the Appellant was convicted
> of multiple crimes each of which contains numerous elements
> that the Commonwealth must prove beyond a reasonable doubt.
> ***Id.***, at 1258 n.9.  Here, Appellant . . . failed to specify which
> elements he was challenging in his 1925 statement . . . .  While
> the trial court did address the topic of sufficiency in its opinion,
> we have held that this is "of no moment to our analysis because
> we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not
> in a selective manner dependent on an appellee's argument or a
> trial court's choice to address an unpreserved claim."  ***Id.*** at
> 1257 (quoting ***Flores*** at 522-23).

***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal*

*denied*, 3 A.3d 670 (Pa. 2010).

Presently, Appellant's Rule 1925(b) statement does not identify which

elements of the three crimes with which he was charged the Commonwealth

allegedly failed to prove.  (***See*** Concise Statement of the Errors Complained

of On Appeal, 12/10/13, at 1-2; ***see also*** Amended Concise Statement of

Errors Complained of on Appeal, 12/11/13, at 1-2).  Accordingly, Appellant's

challenges to the sufficiency of the evidence are waived.

Moreover, they would not merit relief.  Appellant claims that the

evidence was insufficient because the "[t]he testimony used to convict [him]

came from a person who admitted she lied to the police about this case

earlier."  (Appellant's Brief, at 12, 14).  This argument goes to the weight of

the evidence, not its sufficiency.  ***See Palo***, ***infra*** at 1055.  However, even if

these were proper sufficiency claims, they would lack merit.

> The standard we apply in reviewing the sufficiency of the
> evidence is whether viewing all the evidence admitted at trial in

the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Palo*, 24 A.3d 1050, 1054-55 (Pa. Super. 2011), *appeal denied*, 34 A.3d 828 (Pa. 2011) (citation omitted). Under this well-established standard of review, we would conclude that the evidence was sufficient.

Section 6105 of the Crimes Code provides, in pertinent part, that: "A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth . . . shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S.A. § 6105(a)(1). Appellant stipulated that he had been convicted of a crime enumerated in subsection (b) and that, therefore it was illegal for him to possess a firearm. (*See* N.T. Trial, 9/10/13, at 69).

Also, section 2701 of the Crimes Code provides, in pertinent part, that: "[A] person is guilty of assault if he . . . attempts by physical menace to put another in fear of imminent serious bodily injury[.]"  18 Pa.C.S.A. § 2701(a)(3).

We first observe that, although Ms. Magaro admitted that she lied about Appellant hitting her the first time she called 911, (**see** N.T. Trial, 9/09/13, at 26), it was within the province of the jury "to believe all, part or none" of her testimony.  **Palo**, **supra** at 1055.  Ms. Magaro testified that she and Appellant were drinking, they argued, he threw her belongings on the ground outside and locked her out of the house, then, after letting her in, he held a loaded gun to her head and threatened to kill her.  (**See** N.T. Trial, 9/09/13, at 23, 25, 28-30).

William Klusman testified that, when he received Ms. Magaro's second 911 call, he heard a male and female screaming, with the male threatening to blow them up.  (**See id.** at 15).  The incident was recorded by the 911 call center, and the jury had the opportunity to listen to Appellant's threats. (**See id.** at 33).  Ms. Magaro feared that Appellant was going to kill her. (**See id.** at 30-31).

Sergeant Adam Shope testified that, when he arrived on the scene, Ms. Magaro was "quite upset and flustered." (**See id.** at 44).  Officer Donald Rynard, who arrived at the home at 7:00 a.m. to take photographs of the incident scene, testified that he collected an empty rifle case from the

bedroom. (*See* N.T. Trial, 9/10/13, at 49). He confirmed that no one had been in the home since the police had been there hours before. (*See id.* at 50). Officer Benjamin Epting testified that, when Appellant surrendered at approximately 8:00 a.m., he admitted to him that there had been guns in the home within the last two weeks. (*See id.* at 59, 61-62). When Officer Epting returned to the home on February 6, 2013 to deliver a subpoena for the preliminary hearing, Ms. Magaro gave him two boxes of eight millimeter ammunition she found in the bedroom where Appellant had loaded the gun on February 2, 2013. (*See id.* at 64). There were bullets missing from both boxes. (*See id.* at 35-36).

Based on the foregoing, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we would conclude that there was sufficient evidence from which the jury could find that Appellant illegally possessed a firearm, and that he put Ms. Magaro "in fear of imminent serious bodily injury." 18 Pa.C.S.A. § 2701(a)(3); *see also id.* at § 6105(a)(1). Therefore, the evidence was sufficient to sustain his convictions of persons not to possess a firearm and simple assault by physical menace. *See Palo*, *supra* at 1054-55. Appellant's claims would not merit relief, even if not waived.

Judgment of sentence affirmed.

Panella, J., joins the Memorandum.

Bowes, J., concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/2014