J-S63041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT BASKERVILLE, | |
| Appellant | No. 395 MDA 2014 |

Appeal from the Judgment of Sentence September 22, 2010
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0005324-2009

BEFORE: BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 27, 2015**

Appellant, Vincent Baskerville, appeals *nunc pro tunc* from the judgment of sentence imposed following his jury conviction of two counts of possession with intent to deliver a controlled substance,[1] one count of resisting arrest,[2] one count of possession of drug paraphernalia,[3] and one count of disorderly conduct.[4] Appellant challenges the sufficiency and the weight of the evidence. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 5104.

[3] 35 P.S. § 780-113(a)(32).

[4] 18 Pa.C.S.A. § 5503.

Appellant's convictions arose out of his arrest in the early morning hours of December 28, 2008, when police broke up a street fight in downtown Harrisburg. At trial, Harrisburg Police Officer Nicholas Ishman testified that Appellant attempted to flee the scene, wriggling out of the jacket or sweatshirt he was wearing, and had to be tackled. (**See** N.T. Trial, 8/09/10, at 17). On his arrest, police found one baggy containing four corner tied baggies of marijuana, one baggy containing a rock of crack cocaine, and $158 in cash. (**See id.** at 20-22). The Commonwealth and Appellant stipulated that the controlled substances consisted of a 2.5 gram bag of cocaine, and 8.3 grams of marijuana. (**See id.** at 12).

Dauphin County Criminal Investigation Division Detective John Goshert, admitted as an expert on street level drug trafficking, testified that the drugs found on Appellant were possessed with intent to deliver. (**See id.** at 64). On cross-examination defense counsel asked:

Q. Had there not been the testimony that the defendant said that he did not use drugs, had that not been part of the case, would that have changed your opinion?

A. That one might have been too close to call[.]

(**Id.** at 72).

On August 10, 2010, the jury found Appellant guilty of all counts previously noted. And on September 22, 2010, the court sentenced him to

- 2 -

an aggregate term of not less than three nor more than six years' incarceration in a state correction institution.

On October 18, 2013, the court reinstated Appellant's post-sentencing rights *nunc pro tunc*, after he filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, claiming abandonment of counsel. (***See*** Order, 10/18/13). After argument, the trial court denied Appellant's post-sentence motion on January 29, 2014, with an accompanying memorandum. This timely appeal followed.[5]

Appellant raises two questions for our review:

> 1. Did the trial court err in denying Appellant's post[-]sentence motion when the evidence presented at trial was insufficient to sustain the jury's verdicts of guilt or a finding that each and every element of the crimes charged was established beyond a reasonable doubt?
>
> 2. Did the trial court err in denying Appellant's post[-]sentence motion when the jury's verdicts of guilt were so against the weight of the evidence as presented at trial so as to shock one's sense of justice?

(Appellant's Brief, at 6).

"[W]ith respect to our sufficiency review, our standard of review is *de novo,* however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light

---

[5] Appellant filed a timely statement of errors on March 19, 2014. ***See*** Pa.R.A.P. 1925(b). The trial court filed a Rule 1925(a) opinion on April 8, 2014. ***See*** Pa.R.A.P. 1925(a).

most favorable to the Commonwealth as the verdict winner."
*Commonwealth v. Rushing*, 99 A.3d 416, 420-21 (Pa. 2014) (citations omitted).

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citations omitted).

Here, preliminarily, we note that although Appellant purports to challenge all of his convictions, his argument only addresses the two convictions for possession with intent to deliver. (*See* Appellant's Brief, at 13-28). Therefore, all other claims are waived. *See* Pa.R.A.P. 2119; *see also Commonwealth v. Rhodes*, 54 A.3d 908, 915 (Pa. Super. 2012) (argument waived for failure of adequate development, citing Pa.R.A.P. 2119).

Next, we observe that Appellant failed to provide a specific identification of insufficiency in his Rule 1925(b) statement of errors, precluding meaningful trial court review. Appellant's statement presented only a boilerplate generic challenge:

- 4 -

     1.  The evidence presented at trial was insufficient to sustain the jury's verdicts of guilt for the above captioned charges or a finding that each and every element of the crimes charged was established beyond a reasonable doubt, even when viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner.

(Statement of Matters [sic] Complained of upon Appeal, 3/19/14).

Because Appellant failed to identify the basis of the claim of insufficiency, it is waived. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1256-57 (Pa. Super. 2008) (citing ***Commonwealth v. Flores****,* 921 A.2d 517 (Pa. Super. 2007)).

Moreover, Appellant's claim would not merit relief. The essence of Appellant's argument for insufficiency is that the drugs found on him **could** have been for his personal use. (***See*** Appellant's Brief, at 13). We review sufficiency challenges in the light most favorable to the Commonwealth as verdict winner. ***See Rushing***, ***supra*** at 420-21; ***Widmer***, ***supra*** at 751-52. Appellant's first claim does not merit relief.

Appellant's second claim challenges the weight of the evidence. (***See*** Appellant's Brief, at 6).

Our standard of review is well-settled:

The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.

     When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our

review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

. . . [W]e note that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses.

*Commonwealth v. Ferguson*, 2015 WL 49438, *4-5 (Pa. Super. filed January 5, 2015) (citations omitted).

Here, in an abbreviated argument of three sentences which improperly relies on the sufficiency argument, Appellant asserts "the Commonwealth's expert . . . lacked the proper facts such that his conclusions are incorrect." (Appellant's Brief, at 27). Appellant does not develop, or even specify the details of this argument. He offers no authority whatsoever in support of his claim. This argument is waived as well. *See* Pa.R.A.P. 2119; *see also Commonwealth v. Perez*, 93 A.3d 829, 842 (Pa. 2014), *cert. denied*, 135 S. Ct. 480 (2014) (boilerplate undeveloped weight claim waived).

Moreover, the issue would not merit relief. Trial counsel's hypothetical question did not undermine the credibility of the Commonwealth's expert.

At most, it suggested a basis for speculation about facts not in evidence, and contrary to the facts of record. On independent review, we discern no basis on which to conclude that the trial court abused its discretion in finding that the jury's verdict did not shock one's sense of justice. ***See Ferguson***, ***supra*** at *4-5.

Judgment of sentence affirmed.

Judge Panella joins the Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/27/2015</u>