J-S36022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARMAD ELDRIDGE, | |
| Appellant | No. 2189 EDA 2016 |

Appeal from the Judgment of Sentence of June 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012486-2012

BEFORE:  PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                **FILED JUNE 14, 2017**

Appellant, Armad Eldridge, appeals from the judgment of sentence entered on June 14, 2016.  We affirm.

Appellant was arrested in 2012 and charged with involuntary deviate sexual intercourse ("IDSI"), unlawful contact with a minor, endangering welfare of children, corruption of minors, indecent assault of a person less than 13 years of age, indecent exposure, and sexual assault.[1] Commonwealth's Information, 11/1/12, at 1-2.  On December 2, 2014, Appellant entered into a negotiated guilty plea, wherein Appellant agreed to plead guilty to IDSI with a child (18 Pa.C.S.A. § 3123(b)) and corruption of minors (18 Pa.C.S.A. § 6301(a)(1)(ii)), in exchange for the Commonwealth's

---

[1]  18 Pa.C.S.A. §§ 3123(a)(1), 6318(a)(1), 4304(a)(1), 6301(a)(1)(i), 3126(a)(7), 3127(a), 3124.1, respectively.

agreement to drop all remaining charges and to recommend a sentence of not more than four-and-a-half to nine years in prison, plus ten years of state supervised sex offender probation. *See* Written Guilty Plea Colloquy, 12/2/14, at 1.

During the guilty plea colloquy, the Commonwealth summarized the factual basis for the plea:

> Your Honor, had this case gone to trial, the Commonwealth would have proven beyond a reasonable doubt that between the period of January 1, 2012 through June 30, 2012, the complainant in this case, [S.G.], was approximately 11 to 12 years old. . . .
>
> [S.G.'s] mother's boyfriend [was Appellant and Appellant] did, on multiple occasions, tell [S.G.], after school, to go take a shower[,] . . . [a]t which point he would follow her into the bathroom. While the complainant was in the shower, as he would sit outside on the toilet, he would fondle himself by putting his hand on his penis and masturbating.
>
> After the complainant would exit out of the shower, [Appellant] would touch the complainant's breast and vagina with his hands.
>
> The complainant also states that [Appellant] had come into her room on multiple occasions at night where [Appellant] would perform oral sex on the complainant by licking the complainant's vagina.

N.T. Guilty Plea, 12/2/14, at 12-13.

Following the summation, Appellant declared that he was "pleading guilty to the charges of [IDSI] and [corruption of minors] because [he is], in fact, guilty of those two offenses." *Id.* at 14. The trial court accepted Appellant's plea and it immediately sentenced Appellant to a term of four-

- 2 -

and-a-half to nine years in prison, plus ten years of state supervised sex offender probation, for the IDSI conviction. The trial court deferred sentencing on the corruption of minors conviction and continued the sentencing hearing, pending a Megan's Law and sexually violent predator ("SVP") assessment. *Id.* at 38-40 and 43-44.

On June 14, 2016, the trial court held an SVP hearing, where the "Commonwealth [] submitted a report indicating that [Appellant] meets the criteria for [SVP status and Appellant submitted] an independent evaluation which . . . indicates that [Appellant] does not meet the criteria." N.T. Sentencing, 6/14/16, at 6-7. The parties stipulated to the respective reports and the trial court heard oral argument on the parties' respective positions. At the conclusion of the argument, the trial court accepted the conclusions in the Commonwealth's report and determined that the Commonwealth had proven that Appellant is a SVP. *Id.* at 20-21. The trial court then sentenced Appellant to serve a concurrent term of seven years' reporting probation for his corruption of minors conviction. *Id.* at 21.

Appellant filed a timely notice of appeal and the trial court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Trial Court Order, 7/13/16, at 1. Appellant raised one claim in his Rule 1925(b) statement: "[t]he [c]ourt erred in ruling that Appellant should be classified as a Sexually Violent Predator (SVP)." Appellant's Rule 1925(b) Statement, 7/26/16, at 1. Appellant now raises one claim on appeal:

> Whether the trial court erred in determining that Appellant be classified as a [SVP].

Appellant's Brief at 7.

Within the argument section of Appellant's brief, Appellant contends that the evidence was insufficient to support the trial court's SVP determination because: "[t]he Commonwealth and their expert misstated that Appellant was a recidivist because he repeated the actions alleged in the case with S.G.;" "[t]he Commonwealth failed to allege any factors that would contribute to Appellant's possible recidivism after being punished for his actions;" "[t]he Commonwealth failed to establish and conceded on the record that there was not enough information to make specific findings about any particular mental illness or clinical diagnosis of Appellant;" "[t]here was a lack of multiple victims;" "[t]here was no evidence that the means necessary to achieve the offense was exceeded;" and, there was "[n]o record of a display of unusual cruelty in the instant situation." Appellant's Brief at 13-14.

We are constrained to conclude that Appellant's claim on appeal is waived, as Appellant's Rule 1925(b) statement does not sufficiently identify the error or errors that Appellant intended to challenge on appeal.

As this Court has continuously held:

> If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [] does

not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal].

*Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008), *quoting* *Commonwealth v. Flores*, 921 A.2d 517, 522-523 (Pa. Super. 2007).

In this case, Appellant's Rule 1925(b) statement vaguely declares: "[t]he [c]ourt erred in ruling that Appellant should be classified as a Sexually Violent Predator (SVP)." Appellant's Rule 1925(b) Statement, 7/26/16, at 1. This statement fails to "specify the element or elements upon which the evidence was insufficient" to support the trial court's SVP determination – and we must conclude that Appellant's sufficiency of the evidence claim is waived on appeal. *Williams*, 959 A.2d at 1257.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2017

- 5 -