J-S47013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARY BUSH | |
| Appellant | No. 3420 EDA 2016 |

Appeal from the Judgment of Sentence October 4, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000662-2016

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 02, 2017**

Mary Bush appeals from the judgment of sentence, entered in the Chester County Court of Common Pleas, following a non-jury trial.  Bush was found guilty of the summary offenses of defiant trespass,[1] and disorderly conduct.[2]  We affirm.

Bush was arrested on January 27, 2016, at Park Lane at Bellingham, a nursing home facility in Chester County, Pennsylvania, where Bush's mother is a resident.  The Honorable Katherine B.L. Platt issued an order appointing Carol Hershey of Guardian Services as the guardian of Bush's mother in

_____

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

[2] 18 Pa.C.S.A. § 5503(a)(4).

August 2015. That same month, Judge Platt issued another order requiring Bush to cooperate with Hershey and her mother's other care providers.

Hershey sent Bush a letter dated January 26, 2016, prohibiting Bush from visiting her mother because her uncontrollable behavior continued to impair her mother's care, as well as the care of other patients. Hershey faxed the letter to the Bellingham administrator and the Westtown-East Goshen Police Department, emailed the letter to Bush, and left Bush a voicemail regarding the contents of the letter.

On January 27, 2016, Bush arrived at Park Lane at Bellingham, and was informed by Debbie Ferry, the facility's nursing director, and Kim Goodall, the facility's administrator, that she was not permitted on the grounds of the facility and she needed to vacate the premises. Bush refused to comply with their repeated requests for her to leave and called the police to report that Ferry and Goodall were harassing her. Bush testified that she had not yet received the letter at the time of the incident and that she did not believe the nursing home or its employees were authorized to prohibit her from the property.

Sergeant James Renegar of the Westtown-East Goshen Police Department arrived on the scene and was informed by Ferry and Goodall that Bush was not permitted on the premises based on the letter they had received from Guardian Services. At that time, the letter was presented to Bush and she continued to protest that the nursing home staff did not have the authority to bar her from seeing her mother. Sergeant Renegar verified

that Goodall and Ferry wanted Bush to leave the premises and explicitly told her she was being asked to leave. Bush reluctantly complied, and Sergeant Renegar followed her to the parking lot.

Once they were in the parking lot, Bush stopped and called 911 because she believed her mother was being abused by the nursing home staff. Sergeant Renegar insisted that Bush could place the call but needed to do so while leaving the premises. Bush continued to refuse to leave the property even after Sergeant Renegar asked her to leave approximately "five or six times," and informed her if she did not leave, she would be placed under arrest. N.T. Non-Jury Trial, 10/4/16, at 54. Bush still refused to leave and told the 911 operator that Sergeant Renegar was harassing her, at which point he placed her under arrest.

Bush began to scream and flail as she physically resisted Sergeant Renegar's attempts to handcuff her. He was finally able to handcuff her by using a snowbank for leverage, but testified that he was only able to arrest her by threatening to tase her if she did not comply. Bush continued to be obstructive to the police. She screamed for help and at one point, Bush dropped to the ground and refused to move. Bush also resisted being placed in the police car, only acquiescing after police instructed her to sit multiple times.

Following conviction, the court sentenced Bush to non-reporting probation for an aggregate period of 180 days, consisting of ninety days for each summary conviction. Bush filed a timely notice of appeal on November

2, 2016. The following day the trial court ordered Bush to file a Pa.R.A.P. 1925(b) statement. Bush filed a motion for extension of time requesting permission to submit her statement twenty-one days after receipt of transcripts, which the court granted on November 16, 2016. Thereafter, Bush filed her Rule 1925(b) statement on January 6, 2017, which asserted:

> 1. The trial court, sitting without a jury, erred in finding sufficient evidence to convict Appellant on the charge of Defiant Trespass, 18 Pa.C.S.A. § 3503(b)(1)(i).
>
> 2. The trial court, sitting without a jury, erred in finding sufficient evidence to convict Appellant on the charge of Disorderly Conduct, 18 Pa.C.S.A. § 5503(a)(4).

Concise Statement of Errors Complained of on Appeal, 01/06/17, at 1.

On appeal, Bush alleges the evidence presented at trial was insufficient to warrant her conviction on both charges. Without reaching the merits of Bush's sufficiency of the evidence claim, we affirm the judgment of sentence. Bush failed to specify which elements of each offense were not sufficiently proven in her Rule 1925(b) statement, and, therefore, she has waived her claims on appeal.

To preserve a sufficiency of the evidence challenge, "an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Freeman*, 128 A.3d 1231, 1247 (Pa. Super. 2015); *see also Commonwealth v. Flores*, 921 A.2d 517, 522 (Pa. Super. 2007) (holding defendant waived right to sufficiency of evidence claim where

1925(b) statement did not specify how evidence failed to prove element(s) of the crime); *see also Commonwealth v. Lemon*, 804 A.2d 34, 37 (Pa. Super. 2002) (holding 1925(b) statement was deficient where bare statements of insufficiency are raised without further argument).

It is also irrelevant that the trial court addressed Bush's sufficiency claim in its 1925(a) opinion because this Court has held a 1925(b) waiver is "appropriate despite the lack of objection by an appellee and despite the presence of a trial court opinion." *See Commonwealth v. Tyack*, 128 A.3d 254, 261 (Pa. Super. 2015) (quoting *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008)). Accordingly, Bush's sufficiency of the evidence claims are waived.[3]

---

[3] Even if Bush had properly preserved her sufficiency of the evidence challenges, we would find them meritless. On review, this Court "must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt." *Commonwealth v. Little*, 879 A.2d 293, 296-97 (Pa. Super. 2005).

Pursuant to 18 Pa.C.S.A. § 3503(b)(1)(i), Bush was aware that she was not licensed or privileged to be on the nursing home grounds because she received numerous verbal communications that she needed to leave, yet she remained on the property. Bush argues she meets the defense of prosecution under 18 Pa.C.S.A. § 3503(c)(3) because she reasonably believed she had a right to be on the property pursuant to 42 C.F.R. § 483.10(f)(4)(ii). Section 483.10(f)(4)(ii) provides: "[t]he facility must provide immediate access to a resident by immediate family and other relatives of the resident, subject to the resident's right to deny or withdraw consent at any time[.]"

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/2/2017

_(Footnote Continued)_ ————————————

Bush's argument fails because (1) section 483.10 provides rights to nursing home residents, not their family members, and (2) the statutory defense requires the trespasser to reasonably believe that the "owner of the premises, or other person empowered to license access thereto," would have allowed him or her access to the premises. **See** 18 Pa.C.S.A. § 3503(c)(3).

Section 483.10(f)(4)(ii) gives Bush's mother the right to receive visitors, but does not give Bush an unequivocal right to see her mother. Additionally, Goodall, as the facility's administrator, was the person empowered to license access to the nursing home property. Goodall, however, was one of the individuals who specifically informed Bush that she needed to leave the premises. Thus, Bush cannot argue "that a person authorized to control access to the facility would give her license to be present, when that very individual was informing her she was not permitted on the property." Trial Court Opinion, 02/02/17, at 11. Accordingly, the evidence was sufficient to establish each element of defiant trespass beyond a reasonable doubt.

Pursuant to 18 Pa.C.S.A. § 5503, Bush's conduct created a "hazardous or physically offensive condition," which served no legitimate purpose when she refused to leave the premises, caused a scene by screaming and flailing, and placed herself and Sergeant Renegar in a physical altercation. 18 Pa.C.S.A. § 5503(a). Such conduct, "by reasonable inference, was done with the intent to create a public inconvenience, annoyance, or alarm," when it occurred in an area where the public, namely the nursing home staff, residents, and their guests, had access. Trial Court Opinion, 02/02/17, at 12. Thus, there was sufficient evidence to establish each element of disorderly conduct beyond a reasonable doubt.