J-S35019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                           :              PENNSYLVANIA
                           :
              v.                  :
                           :
                           :
KEVIN LAMONT CHASE, JR.        :
                           :
            Appellant        :     No. 962 MDA 2021

Appeal from the Judgment of Sentence Entered April 14, 2021,
in the Court of Common Pleas of Northumberland County,
Criminal Division at No(s):  CP-49-MD-0000152-2021.

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED: JANUARY 14, 2022**

Kevin Lamont Chase, Jr., appeals from the judgment of sentence imposed following his conviction for indirect criminal contempt ("ICC").[1]  We affirm.

The trial court summarized the relevant factual and procedural history as follows.

> In 2020[,] Lisa Fleming filed a petition for protection from abuse [("PFA")] in Columbia County, seeking protection from [Chase].  . . .  A final [PFA] order was entered on April 9, 2020. The final [PFA] order expires on April 9, 2023.
>
> On November 20, 2020, Fleming contacted Patrolman David P. Tomtishen of the Ralpho Township Police Department to report what she believe[d] were violations of the final [PFA] order, namely, [Chase] showing up at Fleming's parents' residence,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 23 Pa.C.S.A.§ 6114.

which is where Fleming works, to encourage Fleming's parents to encourage Fleming to speak with [Chase] about resolving their ongoing custody dispute.

Patrolman Tomtishen filed a charge of [ICC] of a [PFA] order against [Chase] on February 25, 2021.

After a hearing on April 14, 2021, the court found [Chase] to be in [ICC] of the final [PFA] order [and sentenced him to fifteen days to six months in jail].

Trial Court Opinion, 8/19/21, at unnumbered 1 (unnecessary capitalization omitted). Chase filed a timely notice of appeal.[2] Both Chase and the trial court complied with Pa.R.A.P. 1925.

Chase raises the following issues for our review:

I. WHETHER THE EVIDENCE INTRODUCED AT TRIAL WAS INSUFFICIENT TO PROVE [CHASE] WAS GUILTY BEYOND A REASONABLE DOUBT OF [ICC].

II. ATTORNEY LESLIE BRYDEN OF THE NORTHUMBERLAND COUNTY DISTRICT ATTORNEY'S OFFICE SHOULD NOT HAVE REPRESENTED THE COMMONWEALTH AT THE [ICC] PROCEEDING AGAINST [CHASE] DUE TO A CONFLICT OF INTEREST SHE HAD THROUGH SPEAKING WITH [CHASE] REGARDING A CUSTODY MATTER AT THE PRIVATE LAW FIRM WHERE SHE IS ALSO EMPLOYED.

Chase's Brief at 6 (capitalization in original).

---

[2] Chase failed to file a notice of appeal within thirty days of the trial court's April 14, 2021 order. However, on July 7, 2021, the trial court granted Chase's motion to file a direct appeal *nunc pro tunc*. Thereafter, Chase filed a timely notice of appeal on July 16, 2021.

Chase's first issue presents a challenge to the sufficiency of the evidence supporting his conviction for ICC. Initially, we must determine whether Chase preserved this claim for our review. As this Court has explained:

> If [an] appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [] does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal].

**Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008) (*quoting* **Commonwealth v. Flores**, 921 A.2d 517, 522-23 (Pa. Super. 2007)).

In the instant matter, our review of Chase's Pa.R.A.P. 1925(a) concise statement reveals that he stated his sufficiency claim as follows: "[t]he evidence introduced at [the ICC] hearing was insufficient to prove beyond a reasonable doubt that [Chase] was guilty of [ICC]." Concise Statement, 8/2/21, at 1. The statement thus failed to specify the element or elements of ICC upon which Chase avers the evidence was insufficient.[3] **See Williams**, 959 A.2d at 1257; **Freeman**.

---

[3] To establish ICC, the Commonwealth must prove four separate elements: (1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; (2) the contemnor had notice of the order; (3) the act constituting the violation must have been volitional; and (4) the contemnor must have acted with wrongful intent. **See Commonwealth v. Brumbaugh**, 932 A.2d 108, 110 (Pa. Super. 2007).

Chase's brief suffers from the same deficiencies. His statement of questions involved does not identify any element or elements of ICC that the Commonwealth purportedly failed to prove. Furthermore, the argument section of Chase's brief presents a vague and undeveloped sufficiency challenge which does not specify the allegedly unproven elements. For these reasons, Chase's first issue is waived.

In his second issue, Chase contends that the assistant district attorney who prosecuted the ICC case against him, Leslie Bryden, Esq., should not have represented the Commonwealth due to a conflict of interest. Chase claims that Attorney Bryden also works at a private law firm and that he spoke on the phone with her about a custody matter. Chase concedes that he made no objection to Attorney Bryden's representation of the Commonwealth at the time of the hearing. Chase further concedes that he did not inform defense counsel of any conflict at the hearing or immediately thereafter. However, Chase vaguely asserts that "[i]t was some time before the notice of appeal was filed in this matter that Mr. Chase made the claim of a conflict of interest." Chase's Brief at 11.

In making this assertion, Chase does not indicate how or when he "made" the claim of a conflict of interest. Nor does he explain whether he "made" such claim privately to defense counsel or formally to the trial court. If Chase merely informed defense counsel of the conflict and failed to properly raise the issue before the trial court, the issue is waived. *See* Pa.R.A.P. 302(a)

(providing that issues not raised in the trial court are waived and may not be raised for the first time on appeal).

Conversely, if Chase did, in fact, raise the issue before the trial court, our appellate rules require him to demonstrate to this Court how and when the issue was preserved in the court below. Specifically, Pa.R.A.P. 2117(c) requires that such references be made in the appellant's statement of the case and provides, in pertinent part, as follows:

> (c) Statement of place of raising or preservation of issues. Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall also specify:
>
> > (1) The state of the proceedings in the court of first instance, and in any appellate court below, at which, and the manner in which, the questions sought to be reviewed were raised.
> >
> > (2) The method of raising them (*e.g.* by a pleading, by a request to charge and exceptions, *etc.*).
> >
> > (3) The way in which they were passed upon by the court.
> >
> > (4) Such pertinent quotations of specific portions of the record, or summary thereof, with specific reference to the places in the record where the matter appears (*e.g.* ruling or exception thereto, etc.) as will show that the question was timely and properly raised below so as to preserve the question on appeal.

Pa.R.A.P. 2117(c).

Additionally, Rule 2119(c) requires an appellant to make such references in the argument section of the brief: "[i]If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection

therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears." Pa.R.A.P. 2119(c).

In the instant matter, Chase's brief is devoid of any reference to the place in the record where he raised the conflict of interest issue before the trial court so as to preserve it for our review.[4] When, as herein, defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. ***See Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006); ***see also*** Pa.R.A.P. 2101. As the deficiencies in Chase's brief impede our review, we deem his second issue waived.[5]

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

Judge Pellegrini concurs in the reslt.

---

[4] Notably, the trial court judge confirmed that the conflict of interest issue was not raised at the ICC hearing, and indicated that he has no recollection as to whether the claim was raised in the trial court at some other time. ***See*** Trial Court Opinion, 8/19/21, at unnumbered 1-2.

[5] Even if Chase had demonstrated to this Court that his conflict of interest issue was preserved in the court below, we would have found waiver based on his undeveloped argument which provided scant discussion and failed to cite or discuss any legal authority. ***See Gould***, 912 A.2d at 873 (holding that the appellant's brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2022