J-A26039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARL WILLIAM SACHETTE, | |
| Appellant | No. 1764 MDA 2014 |

Appeal from the Judgment of Sentence September 23, 2014
in the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0003127-2013

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 24, 2015**

Appellant, Carl William Sachette, appeals from the judgment of sentence imposed pursuant to his jury conviction of unlawful contact with a minor (obscene and other sexual materials), corruption of minors, and open lewdness.[1]  We affirm.

We take the following pertinent facts from the trial court's January 23, 2015 opinion.

> M.D., the juvenile victim, was born on June 7, 2002, and lives at the Pike Motel, across the street from [Appellant], with her parents, her two brothers, and her sister.  The front of her house faces the front of [Appellant's].  Both houses have windows in the front that are positioned such that one can see

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6318(a)(4), 6301(a)(1), and 5901, respectively.

into [Appellant's] house from the front window of M.D.'s house. On one occasion, M.D., looking out her window, saw [Appellant] naked in his window. M.D. was not able to see [Appellant's] face but did see his unclothed torso, penis, and thighs. While standing naked in his window, [Appellant] waved at M.D. M.D. testified that she had previously seen [Appellant] without a shirt on and recognized his torso. She also testified that she had not seen anyone else at [Appellant's] home on that day. On another occasion, M.D. was outside playing with one of her brothers when she saw [Appellant] standing in his doorway naked. M.D. testified that she could see [Appellant's] penis, which made her uncomfortable.

M.D. . . . was shown two photographs by [Appellant], one of an adult penis with "sparkles and glitter" on it and one of an adult bald penis. [(N.T. Trial, 5/12/14, at 35).] [Appellant] told M.D., "the more you look, the more candy you get." [(*Id.* at 36).] Both photographs were on [Appellant's] phone. [Appellant] told M.D. that he had two phones, "one was for naked pictures and one was for other things." [(*Id.* at 33).]

. . . [T]he above incidents occurred when M.D. was eleven years old during her summer vacation. . . .

\* \* \*

[On September 13, 2013,] [a]s a result of the search warrant [obtained by Detective Gerald Steigleman of the Middlesex Township Police], two cell phones were seized from [Appellant's] residence, a Samsung flip phone and a Motorola flip phone. Detective Steigleman sent both phones to the Cumberland County laboratory to be analyzed by Detective [Ryan] Parthemore.

Detective Parthemore, a detective with the Upper Allen Township Police Department and supervisor of the Cumberland County District Attorney's Office computer forensics laboratory, analyzed the Samsung phone seized from [Appellant's] residence. On that phone, Detective Parthemore found a photograph of a penis covered with glitter and two photographs of plain penises, *i.e.*, without glitter. The exchangeable image format (EXIF) data attached to those pictures indicated that they were taken by the same model of Samsung phone seized from [Appellant's] residence.

(Trial Court Opinion, 1/23/15, at 2-5) (footnotes omitted).

The Commonwealth arrested Appellant and, in addition to the above mentioned crimes, charged him with the indecent exposure, 18 Pa.C.S.A. § 3127(a), and obscene materials, 18 Pa.C.S.A. § 5903(a)(3)(i).  A jury trial commenced on May 12, 2014.  On May 13, 2014, the jury convicted Appellant of unlawful contact with a minor (obscene and sexual materials), corruption of minors, and open lewdness, and found him not guilty of obscene materials and indecent exposure.  On June 3, 2014, Appellant filed a post-trial motion for judgment of acquittal, which the court denied on August 11, 2014, after argument by the parties.  On September 23, 2014, after a hearing, the trial court found Appellant to be a sexually violent predator (SVP).  The same day, it sentenced him to a mandatory term of incarceration of not less than twenty-five nor more than fifty years on the felony charge of unlawful contact with a minor based on a qualifying prior conviction.  The misdemeanor charges of corruption of minors and open lewdness were to run consecutively.

Appellant timely appealed on October 21, 2014.  He filed a timely Rule 1925(b) statement on November 5, 2014 pursuant to the court's order.  ***See*** Pa.R.A.P. 1925(b).  The court filed an opinion on January 23, 2015.  ***See*** Pa.R.A.P. 1925(a).

Appellant raises two questions with two subparts for our review:

I. Whether the trial court erred in denying [Appellant's] motion for judgment of acquittal where the trial record and the snafu in the verdict slip demonstrated that felony unlawful contact with a minor was not proven beyond a reasonable doubt?

I.A. Assuming insufficient evidence to support the felony verdict for unlawful contact with a minor, must the trial court's SVP finding fail?

I.B. Assuming insufficient evidence to support the felony verdict for unlawful contact with a minor, must the sentence be vacated?

II. Assuming *arguendo* the trial record supports the verdict for unlawful contact with a minor, is the 25 to 50 year sentence otherwise unconstitutional?

(Appellant's Brief, at 8) (most capitalization omitted).

In his first issue, Appellant challenges the sufficiency of the evidence to support his conviction of unlawful contact with a minor. Specifically, he maintains that "the Commonwealth's proposed jury instruction created a necessary predicate offense to sustain a conviction[.]" (***Id.*** at 15). Appellant's issue is waived.

Our Rules provide, in pertinent part, that any issues not raised in a Rule 1925(b) statement are waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii). In his statement, in pertinent part, Appellant generally asserts that there was "[i]nsufficient evidence as a matter of law to support [the] guilty verdict[] for Unlawful Contact with a Minor (Sexual or Obscene Materials)," and that the trial court "erred in denying the defense motion for judgment of acquittal." (Rule 1925(b) Statement, 11/05/14, at unnumbered page 2).

- 4 -

It is well-settled that:

> when challenging the sufficiency of the evidence on appeal, the Appellant's 1925 statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal. [**Commonwealth v.**] **Williams**, 959 A.2d [1252,] 1257 [(Pa. Super. 2008)] (quoting **Commonwealth v. Flores**, 921 A.2d 517, 522-23 (Pa. Super. 2007)). . . . Here, Appellant . . . failed to specify which elements he was challenging in his 1925 statement . . . . While the trial court did address the topic of sufficiency in its opinion, we have held that this is "of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." **Id.** at 1257 (quoting **Flores** at 522-23).

**Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010); **see also Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011) (noting that a Rule 1925(b) statement "must be specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal") (internal quotation marks and citation omitted). Here, Appellant's vague sufficiency of the evidence claim fails to identify properly the alleged error to be reviewed on appeal.

Additionally, we observe that Appellant's sufficiency of the evidence issue is premised on claims of error in the verdict slip and jury instructions that allegedly created an erroneous predicate element, of which Appellant was acquitted. (**See** Appellant's Brief, at 15-22). Not only has Appellant waived any sufficiency challenge in general, any appellate claims regarding the jury instructions and verdict slip also are waived.

It is well-settled that:

> . . . In order to preserve a claim that a jury instruction was erroneously given, the Appellant must have objected to the charge at trial. *See Commonwealth v. Spotz,*[] 84 A.3d 294, 318 n. 18 (2014) (citations omitted); Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of."); Pa.R.Crim.P. 647(B) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."). . . .

*Commonwealth v. Parker*, 104 A.3d 17, 29 (Pa. Super. 2014), *appeal denied*, 117 A.3d 296 (Pa. 2015) (declining to review claim where appellant failed to raise objection to jury instruction at trial).

Here, Appellant expressly agreed to the jury charge and verdict slip at trial. (*See* N.T. Trial, 5/13/14, at 115-17, 141, 158); (*see also* Appellant's Brief, at 21). Additionally, he utterly failed to challenge the jury instruction and verdict slip in his Rule 1925(b) statement. (*See* Rule 1925(b) Statement, 11/05/14, at unnumbered page 2).

Therefore, for all of these reasons, Appellant's challenge to the sufficiency of the evidence based on the allegedly erroneous jury instruction and verdict slip are waived for our review. *See Parker*, *supra* at 29; *Gibbs*, *supra* at 281. Moreover, Appellant's claim that the evidence was

insufficient on these bases would not merit relief. (***See*** Appellant's Brief, at 15-22).[2]

The jury convicted Appellant of unlawful contact with a minor, obscene and other sexual materials, pursuant to section 6318 of the Crimes Code. (***See*** Verdict, Unlawful Contact with a Minor, 5/13/14). It found Appellant not guilty of obscene material pursuant to section 5903 of the Crimes Code. (***See*** Verdict, Obscene Materials, 5/13/14).

Appellant concedes that, generally, a conviction pursuant to section 6318 "does not require a finding of guilt [on] the underlying offenses." (Appellant's Brief, at 17) (citing ***Commonwealth v. Reed***, 9 A.3d 1138, 1145 (Pa. 2010)). He argues, however, that "a [s]tructural [e]rror" in the unlawful contact jury instruction and verdict slip, to which he admittedly agreed, erroneously required the jury to find that the Commonwealth proved the underlying offense was completed. (Appellant's Brief, at 20; ***see id.*** at 17-22) (***see also*** N.T. Trial, 5/13/14, at 115-16, 141, 158). Appellant maintains therefore, that, because he was acquitted of obscene materials,

_____

[2] "The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Best***, 120 A.3d 329, 341 (Pa. Super. 2015) (citation omitted).

he could not be convicted of unlawful contact on this basis, and the evidence supporting the verdict was insufficient.  (**See** Appellant's Brief, at 16-22).[3]

However, our independent review of the record reveals the trial court properly instructed the jury that, in order to convict Appellant of unlawful contact with minors, the Commonwealth was required to prove three elements, specifically:  (1) he intentionally contacted the minor, (2) with the intent of engaging in an unlawful act, and (3) that he or the minor was within the Commonwealth at the time.  (**See** N.T. Trial, 5/13/14, at 148-49); **see also** 18 Pa.C.S.A. § 6318.  It also advised the jury regarding the definitions of contact and obscene materials.  (**See** N.T. Trial, 5/13/14, at 149, 152).

In discussing the verdict slip, the court told the jury that "you will **first** decide if you find [Appellant] guilty or not guilty" based on the above three elements.  (**Id.** at 157) (emphasis added).  The court instructed that the jury was to stop if it found Appellant not guilty.  (**See id.**).  It then further

_____

[3]  It is well-settled that:

> When reviewing a challenge to part of a jury instruction, we must review the jury charge as a whole to determine if it is fair and complete.  A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration.  The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

**Commonwealth v. Jones**, 954 A.2d 1194, 1198 (Pa. Super. 2008), *appeal denied*, 962 A.2d 1196 (Pa. 2008) (citation omitted).

explained, "If, instead, you find [Appellant] guilty, **then** there is a line where it says you have to **specify which unlawful act or acts you found underlying the charge** that [Appellant] has been proven beyond a reasonable doubt." (***Id.***) (emphases added).

Based on the foregoing, we conclude that there was no abuse of the trial court's discretion, and that Appellant's argument, that the jury instructions and verdict slip erroneously created a fourth element that was not proven, would lack merit. **See Jones**, **supra** at 1198. Accordingly, Appellant's claim that the evidence was insufficient on this basis would fail. **See Best**, **supra** at 341.[4]

In his second issue, Appellant argues that his mandatory minimum sentence of not less than twenty-five nor more than fifty years' incarceration imposed on the basis of his prior conviction is unconstitutional pursuant to **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013). (**See** Appellant's Brief, at 26-27). We disagree.

> At the outset, we note that issues pertaining to **Alleyne** go directly to the legality of the sentence. . . . An illegal sentence

---

[4] For the sake of completeness, we also observe that the evidence presented at trial was sufficient to establish the crime of unlawful contact with a minor. Specifically, the record reflects that Appellant made direct contact with M.D. with the intent of showing her pictures of male penises that he had on his phone. (**See** N.T. Trial, 5/12/14, at 33, 35). Appellant enticed M.D. to look at the photographs by telling her that the more she looked at the pictures, the more candy he would give her. (**See id.** at 36). A search of Appellant's phone by the police confirmed M.D.'s statement that Appellant kept the photographs on his cell phone. (**See** N.T. Trial, 5/13/14, at 130).

must be vacated. Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary.

***Commonwealth v. Fennell***, 105 A.3d 13, 15 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015) (citations and quotation marks omitted).

The Pennsylvania Supreme Court has expressly stated:

. . . [I]n cases where the fact which increases the maximum penalty is not a prior conviction and requires a subjective assessment, anything less than proof beyond a reasonable doubt before a jury violates due process. Additionally, any judicial finding which results in punishment beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. **Where, however, the judicial finding is the fact of a prior conviction, submission to a jury is unnecessary**, since the prior conviction is an objective fact that initially was cloaked in all the constitutional safeguards, and is now a matter of public record.

***Commonwealth v. Aponte***, 855 A.2d 800, 811 (Pa. 2004), *cert. denied*, 543 U.S. 1063 (2005) (emphasis added); ***see also Almendarez-Torres v. U.S.***, 523 U.S. 224, 243-44 (1998);[5] ***Commonwealth v. Valentine***, 101 A.3d 801, 809 (Pa. Super. 2014) ("[T]he ***Alleyne*** decision . . . renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions** constitutionally infirm insofar as they permit a judge

---

[5] We reject Appellant's invitation to "find that ***Almendarez-Torres*** is no longer applicable[.]" (Appellant's Brief, at 27) "As an intermediate appellate court, we do not enunciate new precepts of law or expand existing legal doctrines, since that province is reserved to our Supreme Court." ***Mountain Properties, Inc. v. Tyler Hill Realty Corp.***, 767 A.2d 1096, 1100 (Pa. Super. 2001), *appeal denied*, 782 A.2d 547 (Pa. 2001) (citations omitted).

to automatically increase a defendant's sentence based on a preponderance of the evidence standard.") (citations omitted).

Here, the trial court sentenced Appellant to a mandatory minimum sentence of not less than twenty-five nor more than fifty years' imprisonment on the basis of his prior conviction of a sexual offense involving a minor, specifically involuntary deviate sexual intercourse. (*See* Order, 9/23/14, at 1; N.T. Sentencing, 9/23/14, at 28).

Based on the foregoing precedent, we conclude that the court's sentence was not unconstitutional. *See Aponte*, *supra* at 811; *see also Almendarez-Torres*, *supra* at 243-44; *Valentine*, *supra* at 809. Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2015