J. S69024/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
:             PENNSYLVANIA
v.         :
:
KEVIN WHITE,            :         No. 2492 EDA 2014
:
         Appellant   :

Appeal from the Judgment of Sentence, March 7, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0013419-2010,
CP-51-CR-0013420-2010, CP-51-CR-0013421-2010

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED JANUARY 22, 2016**

Kevin White appeals from the March 7, 2014 judgment of sentence resulting from his convictions of third-degree murder, conspiracy to commit robbery, three counts of robbery, and two counts of aggravated assault.[1] We affirm.

The trial court recited the following relevant facts:

> On July 14, 2010 Anthony White ("Anthony") hosted a party for his friends at his address of 4913 North Camac Street. On July 15, 2010, at approximately 1:00 a.m., Kevin White ([appellant, unrelated to Anthony White]) and Lashawn Peterson ("Lashawn") were sitting on the porch of 4939 Camac Street when they were approached by Lamar Clanton ("Lamar") and Nasir Johnson ("Nasir"). Lamar and Nasir discussed robbing the party down the block that Anthony was hosting. Lamar and

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903(c), 3701(a)(1), 2702(a), respectively.

Nasir planned to gain entrance to the party while [appellant] and Peterson kept watch outside for police. The four men then walked down the street to Anthony's house.

At approximately 1:45 a.m., Nasir attempted to gain entrance to the party. Anthony refused to let Nasir into the party and as Anthony was attempting to close the inside door, Lamar ran onto the porch with a blue-green garment covering his face and fired his gun. The first bullet went through the screen door, passed through Anthony's shoulder, and hit Rendell Miller ("Rendell"), [killing him]. Anthony then succeeded in closing the door, after which two more shots were fired. Another party guest, Glenn Thornton ("Glenn"), was seated on a chair near the door and was grazed in the chest by a bullet. Anthony watched through the window as Lamar and Nasir ran off the porch heading northward up the street. Throughout this whole time [appellant] was standing close by, acting as a lookout.

Ryan Hatchell ("Ryan") was driving down the 4900 block of North Camac Street at approximately 1:45 a.m. when he heard the gun shots and saw a muzzle flash on the porch of the party house. He saw two individuals run from the house toward 4939 North Camac Street, the house at which [appellant] had been sitting earlier that evening. Ryan then called the police. In responding to the radio call, Officer Comitalo went to 4939 North Camac Street and found [appellant] on the porch. The officer obtained consent to search the house and found Lashawn on the second floor lying down on a blue-green shirt with his eyes closed, [in an attempt to appear as though he was sleeping]. The shirt matched the description of the shooter.

Trial court opinion, 3/20/15 at 3-4.

Following a jury trial, appellant was convicted of the aforementioned charges on October 4, 2013. On March 7, 2014, the trial court sentenced

appellant to 19-40 years' imprisonment. Appellant filed post-sentence motions on March 14, 2014. On August 7, 2014, the trial court denied appellant's post-sentence motions. Appellant filed notice of appeal on August 26, 2014. On October 24, 2014, the trial court ordered appellant to produce a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the trial court's order on November 28, 2014. The trial court has filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

> I. Is the Defendant entitled to an arrest of judgment on all charges including murder in the third degree, conspiracy to commit robbery, three counts of robbery and two counts of aggravated assault where the verdict is not supported by sufficient evidence?
>
> II. Is the Defendant entitled to a new trial on all charges where the greater weight of the evidence does not support the guilty verdict?

Appellant's brief at 3.

## I.

The first issue appellant raises for our review is whether the Commonwealth presented sufficient evidence to warrant convictions for third-degree murder, robbery, conspiracy to commit robbery, and aggravated assault. Before we can address the merits of appellant's claim, we must first determine that appellant's issues were preserved for the purposes of appeal.

It is well settled that in order to properly preserve issues on appeal for a sufficiency of the evidence claim, an appellant is required to specify the elements of the crime upon which the evidence presented by the Commonwealth was insufficient within his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. *Commonwealth v. Manley*, 985 A.2d 256, 262 (Pa.Super. 2009), *appeal denied*, 996 A.2d 491 (Pa. 2010), citing *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa.Super. 2008). Failure to do so will result in a waiver of appeal for any offenses not listed in the concise statement. *Williams*, 959 A.2d at 1257, quoting *Commonwealth v. Flores*, 921 A.2d 517, 522 (Pa.Super. 2007) (emphasis deleted).

Here, a review of appellant's concise statement of errors complained of on appeal reveals that appellant avers that the Commonwealth presented insufficient evidence to warrant convictions for the following offenses: third-degree murder, robbery, conspiracy to commit robbery, and aggravated assault. Appellant's concise statement with respect to his sufficiency of the evidence claim is as follows:

> That the defendant is entitled to an arrest of judgment on CP-51-CR-0013421-2010, with regard [to] the charges of murder in the third degree, robbery and criminal conspiracy to rob—the lead murder bill in this matter; an arrest of judgment on CP-51-CR-0013420-2010, with regard to the charges of aggravated assault and robbery, (victim Glenn Thornton); and an arrest of judgment on CP-51-CR-0013419-2010, with regard to the charges of aggravated assault and robbery, (victim

> Anthony White), as the evidence on all of the bills is insufficient to support the verdict.
>
> The Commonwealth did not prove that the defendant was a perpetrator, conspirator, or an accomplice to any of the crimes enumerated. Moreover, and with regard to the murder bill, the Commonwealth did not prove that the defendant acted with malice. With regard to the conspiracy bill, the Commonwealth utterly failed to prove that the defendant agreed to commit any crime with anybody else. Thus, the evidence is woefully insufficient to sustain any of the jury's findings and, hence, an arrest of judgment must be awarded.

Appellant's Rule 1925(b) statement, 11/28/14 at 1-2.

With the above statement, appellant has waived any sufficiency of the evidence appeal relating to his convictions of robbery and aggravated assault because he did not enumerate any element of those crimes, nor did he attempt to explain how the evidence was insufficient. *See Manley*, *supra* at 262. Therefore, we need only address whether the Commonwealth presented sufficient evidence to warrant appellant's conviction of third-degree murder and conspiracy to commit robbery.

In regards to the sufficiency of the evidence of the third-degree murder conviction, appellant makes the following argument:

> The Commonwealth, as the verdict winner has the right to all reasonable inferences flowing from the evidence. However, and on the murder bill and where the Defendant did not shoot and kill the victim and where the Defendant had not entered into a conspiracy to murder the victim, and where the Defendant rendered no aid in murdering the victim, there is simply no basis upon which the Defendant could be found guilty of murder.

Appellant's brief at 10-11. Appellant's statement is clearly missing text and it is difficult for this court to discern appellant's exact argument because he does not adequately develop his argument that the evidence was not sufficient to warrant a conviction of third-degree murder. Moreover, appellant does not address the issue that he raised in his Rule 1925(b) statement, *supra*, that the Commonwealth failed to sufficiently prove that he acted with malice. Therefore, appellant has waived his sufficiency of the evidence claim as it relates to his third-degree murder conviction. *See Commonwealth v. Rhodes*, 54 A.3d 908, 915 (Pa.Super. 2012) (finding an issue to be waived for "bald assertions" without any other relevant analysis).

We now turn to appellant's claim that the Commonwealth failed to present sufficient evidence to warrant a conviction for conspiracy to commit robbery. In his brief, appellant **admits** to entering into a conspiracy to commit robbery:

> Thus and in that **the Defendant did not conspire to do anything other but to rob, the Defendant should only have been found guilty of criminal conspiracy to rob** and robbery on the murder bill and should not have been found guilty of any offense dealing with victims Glen [sic] Thornton and Anthony White. Thus, the undersigned respectfully requests that an arrest of judgment be granted to the Defendant on the charge of murder in the third degree on CP-51-CR-0013421-2010 and on all charges on the remaining bills.

Appellant's brief at 14 (emphasis added). By admitting that he should have been convicted of conspiracy to commit robbery, appellant is effectively

waiving his claim that the evidence was not sufficient, and therefore no relief is due.

## II.

In his second issue, appellant avers that the verdict is contradictory to the weight of the evidence presented. When considering the weight of the evidence, we use the following standard:

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing the trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> ***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000).
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing

> the limits of a trial court's decision, we have explained:

> > The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error in judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013), quoting *Widmer*, 744 A.2d at 753 (citations omitted) (emphasis deleted).

Under his weight of the evidence argument, appellant further attacks the sufficiency of the evidence presented by the Commonwealth:

> While jury verdicts are almost always sacrosanct, a jury verdict can be overturned where there is *insufficient evidence*. A verdict must be based on the concept of guilt beyond a reasonable doubt. It cannot be based on speculation, conjecture, or surmise. All jury verdicts are usually sacrosanct, it is not unheard [of] for a jury verdict to be overturned. The undersigned would concede that a jury verdict would be rarely disturbed on the basis of a claim against the *sufficiency of the evidence.*

Appellant's brief at 15-16 (emphasis added). Challenges to the sufficiency of the evidence and the weight of the evidence are separate claims involving different standards of review and relief. *See Widmer*, 744 A.2d at

751-752. Here, by making a sufficiency of the evidence argument under the guise of a weight of the evidence claim, appellant waives the latter claim, and therefore no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2016