J-S67019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA JORDAN, | : | |
| | : | |
| Appellant | : | No. 3272 EDA 2016 |

Appeal from the Judgment of Sentence July 15, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012114-2013

BEFORE: GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 29, 2017**

Joshua Jordan ("Jordan") appeals from the judgment of sentence imposed following his conviction of first-degree murder, possession of a firearm without a license, possession of a firearm on the streets of Philadelphia, and possession of an instrument of crime.[1] We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural background, which we adopt for the purpose of this appeal. *See* Trial Court Opinion, 11/3/16, at 1-4.

Jordan filed this timely appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

_____

[1] *See* 18 Pa.C.S.A. §§ 2502, 6106, 6108, 907.

* Former Justice specially assigned to the Superior Court.

On appeal, Jordan raises the following claims for our review:

1. Was the evidence presented was [*sic*] insufficient to sustain a conviction because the witness statements were inconsistent, unreliable, and failed to prove [Jordan's] participation in the alleged crime?

2. Was the weight of the evidence presented not sufficient to support [Jordan's] conviction?

3. Did the trial court err in overruling defense counsel's objection concerning [Jordan's] mailing of discovery he received to his parents[,] since it gave rise to an impermissible inference that the discovery mailed was being used to intimidate potential Commonwealth witnesses?

Brief for Appellant at 7 (capitalization omitted).

We will address Jordan's first two claims together. In his first claim, Jordan contends that the evidence was insufficient to support his convictions. Brief for Appellant at 11-14. In his second claim, Jordan asserts that his convictions are against the weight of the evidence. *Id*. at 14-15.

In its Opinion, the trial court addressed Jordan's sufficiency and weight claims, and determined that they were waived, as Jordan failed to specify in his Concise Statement which of his convictions were not supported by sufficient evidence or were against the weight of the evidence. *See* Trial Court Opinion, 11/3/16, at 4-5.

This Court may find waiver where a concise statement is too vague. *See Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011). "When a court has to guess what issues an appellant is appealing, that is not

enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (citation omitted). "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Id.* at 686-87.

Additionally, as this Court has consistently held,

> [i]f Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [] does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal].

*Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (quoting *Commonwealth v. Flores*, 921 A.2d 517, 522-523 (Pa. Super. 2007)). The same is true for a challenge to the weight of the evidence. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1248-49 (Pa. Super. 2015).

Here, Jordan collectively stated his sufficiency and weight claims in his Concise Statement as follows: "The evidence and the weight of the evidence were insufficient to sustain the verdict." Concise Statement, 11/2/16, at 1. The Statement thus failed to specify the element or elements upon which the evidence was purportedly insufficient or against the weight of the evidence. *See Williams*, 959 A.2d at 1257; *Freeman*, 128 A.3d at 1248-49. Given that Jordan was convicted of multiple crimes, we agree with the trial court's determination that Jordan's sufficiency and weight claims are waived based on the vagueness of his Concise Statement. *See* Trial Court

- 3 -

Opinion, 11/3/16, at 4-5. Accordingly, we affirm on this basis as to Jordan's first two claims. *See id*.[2]

In his third claim, Jordan contends that "the [t]rial [c]ourt erred in overruling defense counsel's objection concerning [Jordan's] mailing [of] discovery he received to his parents[,] since it gave rise to an impermissible inference that the discovery was being used to intimidate potential Commonwealth witnesses, which was irrelevant in that its prejudicial effect outweighed its probative value." Brief for Appellant at 16. Jordan asserts that "the Commonwealth's theory was that [Jordan's] parents would be able to contact potential Commonwealth witnesses in an effort to change their testimony." *Id*. Jordan claims that "the [t]rial [c]ourt's overruling defense counsel's objection cannot be deemed harmless error to the extent that Kenneth White gave a different description of the shooter from [Jordan;]

---

[2] Had we not found waiver based on the vagueness of Jordan's Concise Statement, we would have concluded that Jordan's brief suffers from the same deficiencies. In his brief, Jordan failed to specify which crimes, let alone which element or elements of those crimes, were unsupported by, or against the weight of, the evidence. *See* Brief for Appellant at 11-14, 14-15. The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. *See* Pa.R.A.P. 2119(a). Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. *See Commonwealth v. Murchinson*, 899 A.2d 1159, 1160 (Pa. Super. 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because he did not develop meaningful argument with specific references to relevant caselaw and to the record to support his claims); *see also Commonwealth v. Cornelius*, 856 A.2d 62, 77 (Pa. Super. 2004) (declining to review appellant's claim where there was limited explanation and development of the argument).

- 4 -

there was no physical evidence to connect [Jordan] to the crime[;] and that [Jordan] testified that he did not shoot the [d]ecedent." ***Id***.

In its Opinion, the trial court addressed Jordan's third claim, set forth the relevant law, and determined that the claim lacks merit. ***See*** Trial Court Opinion, 11/3/16, at 5-7. We agree with the reasoning of the trial court, and affirm on this basis as to Jordan's third claim. ***See id***.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/17

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

v.

JOSHUA JORDAN

CP-51-CR-0012114-2013 Comm. v. Jordan, Joshua
Opinion

|||||||||||||||||||||||||||
7522285151

OPINION

CP-51-CR-0012114-2013

**FILED**

NOV X 3 2016

Criminal Appeals Unit
First Judicial District of PA

BRONSON, J.                                    November 3, 2016

On July 15, 2016, following a jury trial before this Court, defendant Joshua Jordan was convicted of one count each of first degree murder (18 Pa.C.S. § 2502), possession of a firearm without a license (18 Pa.C.S. § 6106), possession of a firearm on the streets of Philadelphia (18 Pa. C.S. 6108), and possession of an instrument of crime (18 Pa. C.S. 907). The Court immediately imposed the mandatory sentence of life in prison for the murder charge (18 Pa.C.S. § 1102(a)(1)) and sentenced defendant to a consecutive aggregate term of 6 ½ to 13 years incarceration on the remaining charges. The Court added an additional 3 to 6 months consecutive incarceration for contempt of court after defendant yelled, "Fuck you all family" to the family of the decedent after the sentencing. N.T. 7/15/16 at 19. Defendant filed a post-sentence motion on July 20, 2016, and a Notice of Appeal on August 9, 2016. The Court denied defendant's post-sentence motion on October 13, 2016.[1]

---

[1] Because the Court had not yet ruled on defendant's post-sentence motion, defendant's appeal was premature and the Court retained jurisdiction to rule on the motion. *See Commonwealth v. Borrero,* 692 A.2d 158, 161 n.4 (Pa. Super. 1997). While the Court's denial of defendant's post-sentence motion perfected the appeal, *see Commonwealth v. Cooper,* 27 A.3d 994, 1007 (Pa. 2011), defendant elected to discontinue the appeal on October 20, 2016, and then refile it on October 21, 2016.

Defendant now appeals from the judgment of sentence entered by the Court on the grounds that: 1) "[t]he evidence and the weight of the evidence were insufficient to sustain the verdict;" 2) the Court erred in overruling a defense objection concerning defendant mailing trial discovery to his parents; and 3) the Court erred in overruling a defense objection pertaining to witness Shawn Adams' motive to identify defendant. Statement of Matters Complained of on Appeal ("Statement of Errors") at ¶¶ 3-5. For the reasons set forth below, defendant's claims are without merit and the judgment of sentence should be affirmed.

## I. FACTUAL BACKGROUND

At trial, the Commonwealth presented the testimony of Philadelphia Police Detectives Ohmarr Jenkins and John Komorowski, Philadelphia Police Officers Michael Kilroy, Christian Cruz, Craig Perry, Jesus Cruz, Robert Bakos, and Brian Waltman, Philadelphia Deputy Medical Examiner Dr. Albert Chu, Unique Riggins, Kenneth White, Shawn Adams, and Isaac Guy. Defendant testified on his own behalf and presented the testimony of Andrea Jordan and Elbert Jordan. Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence established the following.

On July 14, 2014, at approximately 9:58 p.m., Craig Jackson, the decedent, was playing a game of basketball at the courts at B and Olney Streets in Philadelphia. N.T. 7/11/16 at 236-237; 7/12/16 at 78-81. Jackson's team was playing against defendant's team. N.T. 7/11/16 at 237; 7/13/16 at 42-43. As the game progressed, Jackson and defendant fouled each other, inciting an argument that escalated, with a physical fight seemingly imminent. N.T. 7/11/16 at 239-242; 7/12/16 at 81, 84, 115-116; 7/13/16 at 35, 42-43, 54. Defendant left the court, went to his book bag, and withdrew a semi-automatic firearm, pointing it at Jackson. N.T. 7/11/16 at 241-243; 7/13/16 at 35, 38, 43. Jackson told defendant "If you're going to shoot, go ahead and shoot."

2

N.T. 7/13/16 at 43-44. Defendant responded by shooting at Jackson multiple times, striking Jackson once in the left chest, and once in the left buttock. N.T. 7/11/16 at 248; 7/12/16 at 118-119, 127-128; 7/13/16 at 35, 37, 44, 54, 83-84, 114, 133.

Defendant then fled the scene, placing the gun back into the book bag. N.T. 7/13/16 at 36, 44, 136-137, 150-151, 176. Jackson was transported to Einstein Hospital by emergency medical personnel, where he was pronounced dead on July 14, 2013. N.T. 7/12/16 at 194-195; 7/13/16 at 113.

Witnesses Unique Riggins and Isaac Guy saw defendant later that night. N.T. 7/13/16 at 44, 147. Defendant had changed his clothes and told Riggins and Guy, "I'm not playing with this nigger. If he lives, I'm going to shoot him again." N.T. 7/13/16 at 44, 147-148.

In police interviews shortly after the shooting, witnesses Riggins and Shawn Adams both identified defendant as the shooter from a photo array. N.T. 7/11/16 at 260, 269; 7/13/16 at 46, 55-56. Police attempted to arrest defendant at home on July 20, 2013, but he was not present at the time. N.T. 7/12/16 at 224. Police encountered defendant on the street on July 21, 2013, and asked him to identify himself. N.T. 7/12/16 at 204. Defendant gave a false name, and multiple birthdates. N.T. 7/12/16 at 203-206. After being shown a photograph the police had retrieved of the person whose name defendant was using, defendant gave his real name and birthdate. N.T. 7/12/16 at 207-208. Upon his arrest, defendant stated that "he wasn't on the basketball courts that night." N.T. 7/12/16 at 208-209.

While in prison awaiting trial, defendant made a series of phone calls. Commonwealth Exhibit C-12, C-43; N.T. 7/12/16 at 227-233. In one conversation, defendant told his mother that he "really should've ran." In several other conversations, he repeatedly asked whether there were video cameras covering the playground, making sure that his brother Isaiah had "checked

3

every aspect of that park." In another conversation, defendant and Isaiah urgently discussed the problem that someone named "Pete" had the gun and wanted to "swap it out" instead of destroying it. Isaiah assured defendant that he would "break that jawn down … and throw it, throw it, throw it," to which defendant replied, "You got it?" In another conversation, after hearing that the defense investigator confirmed that there were no cameras covering the crime scene, defendant told Isaiah, "I was at the crib through wink wink. Know what I'm saying I was at the crib." Isaiah and defendant also discussed the problem of "the motherfuckers that saying [defendant] did it." Isaiah assured defendant that they would find out who those people were before court. *Id.*

## II. DISCUSSION

### A. Sufficiency and Weight of the Evidence

Defendant's challenge to the sufficiency and weight of the evidence reads, in its entirety, as follows: "The evidence and the weight of the evidence were insufficient to sustain the verdict." Statement of Errors at ¶ 3. Defendant also raised a weight claim in his post-sentence Motion for New Trial, which read, in its entirety: "The verdicts were against the weight of the evidence." Motion for New Trial ¶ 4.

As to the sufficiency claim, our Superior Court has said the following:

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. *Commonwealth v. Gibbs,* 981 A.2d 274, 281 (Pa.Super.2009), *appeal denied,* 607 Pa. 690, 3 A.3d 670 (2010). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id.* at 281 (citation omitted).

*Commonwealth v. Garland,* 63 A.3d 339, 344 (Pa. Super. 2013). Here, defendant's boilerplate sufficiency claim fails to specify any elements of any of the offenses that defendant believes to

4

be unsupported by sufficient evidence. Accordingly, the Court was given no clue as to what claims defendant intends to raise on appeal regarding the sufficiency of the evidence. Therefore, this claim is waived. *Id.*

Defendant's weight claim is equally infirm. A mere averment that the verdict was against the weight of the evidence without identifying which verdict or verdicts to which defendant is referring, and without giving specific reasons as to why the verdicts were contrary to the weight of the evidence will result in waiver of the weight claims. *Commonwealth v. Freeman*, 128 A.3d 1231, 1248-1249 (Pa. Super. 2015).

### B. Mailing of Discovery to Defendant's Parents

Defendant next claims that the Court "erred in overruling defense counsel's objection concerning the [d]efendant mailing discovery he received to his parents, since it gave rise to an impermissible inference that the discovery was being used to intimidate potential Commonwealth witnesses." Statement of Errors at ¶ 4. This claim is without merit.

The law concerning the admission of evidence in Pennsylvania is well settled:

> The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevance and probative value of the evidence against the prejudicial impact of that evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact. Although a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact.

*Commonwealth v. Reid*, 811 A.2d 530, 550 (Pa. 2002) (internal citations omitted); *see* Pa.R.E. 401-403.

Here, the challenged ruling permitted the Commonwealth to elicit from defendant, on cross-examination, that he had mailed copies of the witness statements in his case, which he had

5

received from his attorney, to his mother and brother. N.T. 7/14/16 at 32-35. According to defendant, this evidence gave rise to "an impermissible inference" that defendant was using the statements to intimidate witnesses.[2] However, when combined with other evidence in the case, the mailing of the statements was, in fact, compelling evidence that defendant was attempting to interfere with the witnesses.

In particular, the Commonwealth proved, through recordings of defendant's prison telephone calls, that he and his brother Isaiah concluded that since there were no surveillance cameras at the playground, and since the police did not have the gun, the only problem with the case was the witnesses. As Isaiah told defendant, "Only thing is the motherfuckers that saying you did it. But you gonna find out, we gonna find out who saying." Commonwealth Exh. C-12 (conversation of 7/27/13).

Accordingly, defendant's mailing of the witness statements to his home, where Isaiah lived, was highly probative of defendant's attempt to interfere with witnesses. Contrary to defendant's assertion in the Statement of Errors, the inference of witness intimidation was not "impermissible." Statement of Errors ¶ 4. Our Supreme Court "has long recognized that any attempt by a defendant to interfere with a witness's testimony is admissible to show the defendant's consciousness of guilt." *Commonwealth v. Johnson*, 838 A.2d 663, 680 (Pa. 2003).

Moreover, the evidence regarding the mailing of the statements was also admissible to corroborate other evidence of witness intimidation in the case, and thereby to help explain the conduct of important Commonwealth witnesses. Witness Shawn Adams, who had identified defendant as the shooter in his statement to the police, denied that he saw the shooting when he testified at trial. N.T. 7/12/16 at 119; 131. In addition, Adams testified at the preliminary hearing

---

[2] At trial, counsel did not base his objection on any impermissible inferences from the evidence. The only ground given for the objection was relevance. N.T. 7/14/16 at 34.

6

that he had heard that there was a price on his head and that several individuals had threatened him about coming to court. N.T. 7/12/16 at 150-153.[3] Adams also testified at trial that he was physically assaulted a few days after he testified at the preliminary hearing as a result of having testified. N.T. 7/12/16 at 162, 182-183.

Witness Isaac Guy heard the shots being fired and then saw the defendant and his brother run out of the playground. N.T. 7/13/16 at 133-136. He testified that he delayed in reporting what he saw to the police because he was worried that it "was going to come back at [him]." And that "snitches get stitches, so you don't want to rat on that person." N.T. 7/13/16 at 144-145.

Accordingly, the evidence of the mailed statements was highly probative of defendant's consciousness of guilt and provided corroboration of other evidence of pervasive witness intimidation in the trial. Therefore, the evidence was properly admitted.

*C. Question to Defendant Assuming Facts Not in Evidence*

Finally, defendant asserts that the Court "erred in overruling defense counsel's objection as to the motive of Shawn Adams identifying the [d]efendant because it assumed facts which were not in evidence." Statement of Errors at ¶ 5. This claim is without merit.

During the cross-examination of the defendant, the prosecutor asked whether defendant knew of any motive for witness Shawn Adams to have identified defendant as the shooter. N.T. 7/14/16 at 37. Defendant claims that this question was improper because there was no evidence that Adams had, in fact, identified defendant as the shooter. Absent such evidence, the question would have been predicated upon "facts not in evidence" and would have been objectionable.

It is true that Adams testified at trial that he did not see the shooting. N.T. 7/12/16 at 119. However, in his statement to police prior to the trial, Adams stated that he saw defendant shoot the decedent, and Adams identified defendant as the shooter from a photo array. The statement,

---

[3] At trial, Adams claimed to have no memory of that testimony. N.T. 7/12/16 at 150-153.

7

including the identification from the photo array, was read to the jury in its entirety during the trial. N.T. 7/12/16 at 121-140. The statement was admissible for its truth under the hearsay exception for prior inconsistent statements signed and adopted by the declarant. *See* Pa.R.E. 803.1(1)(b). Moreover, when confronted at trial with the statement, Adams ultimately admitted that he had identified defendant as the shooter, and that his prior identification was truthful. N.T. 7/12/16 at 131-134.

Accordingly, defendant's contention that there was no evidence that Adams had identified defendant as the shooter is refuted by the record. Therefore, the challenged question did not assume any facts that were not in evidence. No relief is due.

### III. CONCLUSION

For all of the foregoing reasons, the Court's judgment of sentence should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J.

8