J-S07027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY ROSSER | : | |
| | : | |
| Appellant | : | No. 1312 EDA 2017 |

Appeal from the Judgment of Sentence June 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003178-2009
CP-51-CR-0008922-2012

BEFORE:  BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.                 **FILED JULY 23, 2018**

Anthony Rosser was on probation when police arrested him for selling cocaine. At the Commonwealth's request, the court conducted a probation violation hearing and, based on the evidence presented, namely the drug arrest, found Rosser in violation of his probation. The court later resentenced him to a term of incarceration 3½ to 10 years. In this *nunc pro tunc* appeal, he raises two issues. We find both waived.

He first argues the Commonwealth presented insufficient evidence to prove he violated his probation. In support of his claim he relies primarily on the testimony of the two witnesses he presented at the hearing, ignoring completely the ample evidence the Commonwealth presented. Putting that aside, we find this claim waived; it was, as Rosser concedes, **see** Appellant's Brief, at 8 n.1, not raised in his Rule 1925(b) statement. "Any issues not raised

in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (citation omitted). ***See also*** Pa.R.A.P. 1925(b)(4)(vii). And waiver applies even where, as here, the trial court addressed the issue in its Rule 1925(a) opinion. ***See Castillo***, 888 A.2d at 780. ***See also*** 20A West's Pa. Prac., Appellate Practice § 1925:1 **Overview of Rule 1925**.

Rosser next argues the court imposed too severe a sentence. To review a challenge to the discretionary aspects of sentencing, he must present a substantial question for our review. To do that Rosser "must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1274 (Pa. Super. 2006) (citations and internal quotation marks omitted). "We examine" his "Rule 2119(f) statement to determine whether a substantial question exists." ***Id***. (citation omitted). "The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence." Pa.R.A.P. 2119(f).

Here, Rosser's Rule 2119(f) statement does not set forth a substantial question for our review; it merely sets forth our scope and standard of review and quotes 42 Pa.C.S.A. § 9771(c) **Limitation on sentence of total confinement**. ***See*** Appellant's Brief, at 14. And in his statement of the

question presented, he simply lists several mitigating factors. *See id*., at 15. Thus, Rosser has failed to present a substantial question for our review.

It is in the "ARGUMENT" section of his brief where Rosser explains his position is that "many compelling mitigating factors were not truly considered," Appellant's Brief, at 18, by the sentencing court and that the court "did not consider," *Id*., at 19, other mitigating factors. "[W]e," however, "cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted). *See also Commonwealth v. Tuladziecki*, 522 A.2d 17, 19 (Pa. 1987) ("Superior Court may not, however, be permitted to rely on its assessment of the argument on the merits of the issue to justify *post hoc* a determination that a substantial question exists."); *Commonwealth v. Flores*, 921 A.2d 517, 524 (Pa. Super. 2007), *overruled in part, and on other grounds, by* Pa.R.Crim.P.1925(c)(4) ("We will not assess the argument section of the brief in hopes that we might justify retrospectively a determination that a substantial question exists.")

In any event, his claim that the sentencing court failed to adequately consider mitigating factors of record would not raise a substantial question for our review. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa.

Super. 2013).[1] And his claim that the court completely failed to consider certain other mitigating factors is belied by the record. Specifically, he claims the court failed to consider his alleged extensive health problems. Rosser's counsel, however, methodically detailed for the court these same health problems at sentencing. **See** N.T., Sentencing, 6/26/15, at 5-6.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/18

---

[1] Rosser also sets forth sentencing guidelines and complains about how the sentence imposed "was a complete departure" from those guidelines. Appellant's Brief, at 19. "Sentencing [g]uidelines," however, "do not apply to sentences imposed following a revocation of probation." **Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa. Super. 2006) (citation omitted).